IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUSTIN MICHAEL LANGSTON,

    Petitioner,                    No. 2:12-cv-2703 MCE GGH P

    vs.

RON BARNES, Warden,

    Respondent.                ORDER

_____/

        Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

        Petitioner has also requested an evidentiary hearing. Pursuant to 28 U.S.C. § 2254, an evidentiary hearing is appropriate under the following circumstances:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
>     (A) the claim relies on-

            (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

            (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

        (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense[.]

Under this statutory scheme, a district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate." Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999). See also Earp v. Ornoski, 431 F.3d 1158, 1166 (9th Cir. 2005); Insyxiengmay v. Morgan, 403 F.3d 657, 669-70 (9th Cir. 2005). A petitioner requesting an evidentiary hearing must also demonstrate that he has presented a "colorable claim for relief." Earp, 431 F.3d at 1167 (citing Insyxiengmay, 403 F.3d at 670, Stankewitz v. Woodford, 365 F.3d 706, 708 (9th Cir. 2004) and Phillips v. Woodford, 267 F.3d 966, 973 (9th Cir. 2001)). To show that a claim is "colorable," a petitioner is "required to allege specific facts which, if true, would entitle him to relief." Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation marks and citation omitted).[1]

Until this court has the opportunity to conduct a thorough review of the potential merits of petitioner's claims, the court cannot determine whether there is a factual dispute necessitating an evidentiary hearing or supplementation of the record in this case. Following such a review, the court will *sua sponte* issue an order for an evidentiary hearing should it find that such a hearing is necessary. Accordingly, the request for an evidentiary will be denied at this

\\\\\

\\\\\

---

[1] In addition, the Supreme Court has recently held that federal habeas review under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits" and "that evidence introduced in federal court has no bearing on" such review. Cullen v. Pinholster, 563 U.S. ___, ___, 131 S. Ct. 1388, 1398, 1400 (2011).

time without prejudice to its *sua sponte* renewal by the court.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's February 25, 2013 request for appointment of counsel (dkt. no. 13) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

2. Petitioner's motion for evidentiary hearing, filed February 25, 2013, (dkt. no. 14), is denied without prejudice to the court's *sua sponte* reconsideration should the court conclude that an evidentiary hearing is necessary upon consideration of the merits of petitioner's claims.

DATED: April 11, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076:md; lang2703.110

---

[2] Petitioner is advised that evidentiary hearings are not appropriate in consideration of motions for appointment of counsel.